ALBANY,
Jan. 1812.

KILLPATRICK
v.
ROSE.

divided lots. The defendant took possession of his lot, and moved his fence, so as to encroach on the lot of the lessor. At the trial, the defendant denied the title of *Colden*, and the plaintiff, not being prepared to prove it, was nonsuited. It was further stated, that the lessor not having any idea of any other question to be made, at the trial, than the right of the defendant to move the fence, was *surprised* by the defence which was set up.

———◦❀◦———

## KILLPATRICK *against* ROSE.

After argument of a cause, and a judgment therein, and the term ended, it is too late to move to amend the record.

A MOTION was made, on the part of the defendant, to vacate the judgment entered in this cause, at the last *August* term. The judgment was given on the return to a *certiorari,* from a justice's court, which stated, that the plaintiff below claimed of the defendant 250 pounds of butter. In support of the motion, the affidavit of the justice was read, stating that the demand of the plaintiff, before, was in fact for 350 pounds of butter, and that the return was incorrect, the clerk, in copying it, having inserted 250, instead of 350 pounds.

The judgment below was reversed on the ground, that the jury had found a verdict for the plaintiff for 13 dollars more than he claimed. The original return, on which the case in error was argued, stated the demand to be for 250 pounds only.

6

*Per Curiam.* After argument and judgment, and the term ended, a party comes too late to move to have the record amended, and to open the cause. If the argument had been founded upon an erroneous copy of the return, the case would have been different; but here the original return stated that the demand was only for 250 pounds of butter. It would be productive of great inconvenience to allow the losing party to resort to the justice to amend his return, after argument upon the return as made, and judgment given and perfected.

Motion denied.