Spenceb, Ch. J.,
delivered the opinion of the court.
There is no doubt, that the power of the court extends to allow amendments in actions on penal statutes, as well as in ordinary suits. To grant the amendment now asked *would *274 be pushing the doctrine to its utmost limits. The suit is barred, unless the court permit a new writ to be made out and filed as of a distant day, and we incline to think it would be going further to subject the defendant to a penalty, than has yet been done; but there is an insurmountable difficulty, unless the sheriff make a return to the writ, that the defendant was not to be found in his bailiwick. Allowing it to be filed nunc pro tunc would be unavailing.
The sheriff cannot make such a return without a palpable violation of the truth; and if he did make it, contrary to the fact, and thereby ‘the defendant sustained a loss, what is there to protect the sheriff from a liability to an action for the damages occasioned by the false return ?
Fictions of law were invented, and are allowed in furtherance of justice and to prevent an injury, but it would be going an extraordinary and unwarrantable length, to require an officer to make a false return to remedy an accident to one of the parties. The writ never came to the sheriffs hands ; if he had received it, and truly could return that the defendant was not to be found, these facts would justify an amendment, by making out a new writ, and filing it with the sheriff’s return, nunc pro tunc. As the case is, the motion must be denied.