#### IN THE

# SUPREME COURT

#### OF THE

## STATE OF NEW-YORK,

#### IN AUGUST TERM, 1823, IN THE FORTY-EIGHTH YEAR OF OUR INDEPENDENCE.

---

### JACKSON, *ex dem.* YOUNG, *against* YOUNG.

AT the Circuit, this cause being regularly called in its place upon the calendar, and the defendant being called to confess lease, &c. made default, whereupon the plaintiff was nonsuited. After the Circuit, the plaintiff's attorney discovering that the *place* in the *nisi prius record* where the defendant's *name* is usually inserted, before the allegation of *entry* and *ouster*, was left *blank*,

*Randall*, on affidavit that this was a clerical mistake, now moved to amend.

*J. A. Spencer*, contra, said the N. P. record was void, and the defendant not bound to appear. There was nothing on file, at the Circuit, to prevent the entry of a *ne recipiatur*. its in such a case, the court will not relieve, unless he excuses his default. Such an omission is not an irregularity. It is matter for motion in arrest, or error; and the record is not void, but voidable, and may be amended.

*Amendment, by inserting the defendant's name in the nisi prius record, in the place where it is usually inserted before the allegation of entry and ouster, the omission being by mistake. This was done after non-suit at the circuit, for the defendant's not appearing, &c. And though the defendant swears to merits*

UTICA,
August, 1823.

JACKSON
v.
YOUNG.

He made a cross motion, which had been noticed, to set aside the proceedings on this ground ; but the affidavit upon which he moved, did not shew any merits, on the defendant's part, nor did it appear for what cause the defendant omitted to appear. *Spencer* remarked, that this must have been for the defect in the record.

(a) 8 John. 410.
(b) 13 id. 486.

*Randall,* relied on the case of *James* v. *Walruth,*(a) and *Wood* v. *Bulkley,*(b) as decisive against the cross motion, and in support of the original one which he made. He said the defendant had violated the condition in the consent rule, which is, *to appear* and *confess, &c.* The record was merely voidable. It was perfect, with this *single exception.* To avail himself of it, the defendant should have appeared and made his objection at the Circuit. The affidavit of the defendant does not entitle him to be let in on terms. It should state that he has a *meritorious defence, as advised by counsel.*

*Curia.* The motion to amend must be granted.(c) The affidavit of the defendant is defective, and he cannot be received to defend. But he may renew his motion, on supplying the defect.

*Spencer,* at a subsequent day, renewed his motion to set aside the proceedings on terms, upon reading an affidavit of merits.

*Randall,* objected, that the defendant did not state the defect in the record, as the cause why he did not appear, nor is any excuse given. Had the defendant appeared at the Circuit, and objected, the record might have been withdrawn, and a new one filed.(d) The cases he had before

(c) Vid. *Runnington on Ej.* 226 *to* 234. *Adams on Ej.* 200 *to* 205, *and the cases there cited.* Vid. also, *Lessee of Howard* v. *Pollock et al.* 1 *Yeates' Rep.* 509. *Den* v. *Franklin et al.* 2 *Southard's Rep.* 850. And *Lessee of Gardiner* v. *Wilson,* 2 *Yeates' Rep.* 186.

(d) In *Lessee of Smith* v. *Brown,* at *nisi prius, Union Town, May Assizes,* 1795, *Pennsylvania,* cor. *M'Kean, Ch. J.* and *Yeates, J.* the names of two lessors were stricken out of the declaration in ejectment, after the Jurors were sworn, and the name of *Brown* inserted in lieu thereof, to make the record conformable to the entry in the Supreme Court docket, the ap-

cited, both related to informality in the N. P. record, and relief was denied to the party who made the objection, because no surprise was alledged. Besides, the error being now amended, the record is perfect.

*Spencer.* No affidavit of merits is necessary, where the motion is for irregularity. As to the other objection, the defendant having merits, it is to be presumed that he would have appeared, had he not thought the objection to the N. P. record a good reason for the contrary. But,

*Per Curiam.* Here was no irregularity. At most, the omission in the *nisi prius* record was matter for motion in arrest, or writ of error. The defendant could not, for this reason, refuse to appear, nor is it pretended that he was misled. It does not appear that he even knew of the mis-

---

pearance of the attorney for the defendant, and the *distringas*, and *distringas* by proviso, issued for trial, though the counsel for the defendant refused to consent thereto. (1 *Yeates' Rep.* 513.) In *Lyon* v. *Burtis et al.* (18 *John.* 510,) the Court say: " We do not intend to carry the doctrine so far as to amend at the trial ; but we mean to say that when the plaintiff has been non-suited, for a variance in the date of the instrument declared on, or for any other variance arising from clerical mistake, we will set the non-suit aside, and give leave to amend on payment of costs. There may be cases in which the Judge, at the trial, will use a sound discretion, in suffering the plaintiff to take a verdict, and put the party to his application to the Court to make the amendment. It may be discreet to adopt this course, where the defendant has not been taken by surprize, and where his whole defence has been gone into, or where he is prepared to go into it. By allowing amendments under these guards, we think we are adopting a course of procedure that will advance justice, and get rid of technical and more formal objections, which have no reference to the merits of the cause." In that case the Judge refused to non-suit the plaintiff, and reserved the point, and the amendment was granted. The application was to amend as to the day of the demise, so as to lay it after the entry and sealing a lease to avoid a fine. In the case of *Peaceable* v. *Watson*, (4 *Taunt. Rep.* 16,) where. in an action of ejectment, an objection was raised, that the term, for which the premises were alledged to have been demised to the plaintiff, had expired before the trial, the learned Judge, at *nisi prius*, overruled the objection, and the Judge's opinion was afterwards confirmed by the Court, who said that it might be cured by amending.

UTICA,
August, 1823.

JACKSON
v.
STILES.

take, until after the trial. He deliberately refused to appear, and although there be an affidavit of merits, he is not, under the circumstances of this case, entitled to relief.

Motion denied.