### In the matter of LEWIS SWEATMAN.

Proceedings        " ONEIDA, ss.   *Fortune C. White,* being duly sworn, says,
by *habeas cor-*
*pus,* under the that the within named *Lewis Sweatman* is a prisoner in the
statute, (*sess.* gaol of said county, on the within mittimus.
36, *ch.* 57, 1
*R. L.* 354.)      Sworn, &c.         .                    *F. C. White.*"(a)
Affidavit up-
on which to        The preceding affidavit was indorsed upon the following
procure allow- mittimus :
ance of the
writ.             " *Oneida County, ss.*   To the keeper of the common gaol
Mittimus or
*execution* on of the county of *Oneida.*   At a Court of Special Sessions,
conviction, or held at the house of *Asahel Curtiss,* in *Paris,* in said county,
*judgment,* by
special session, on the 24*th July,* 1823—Present, *Asahel Curtiss, Eliphaz
in a case of pe- *Tyler* and *Samuel H. Addington,* Justices of the Peace—
tit larceny.
               *Lewis Sweatman,* labourer, being brought before us, by *Will-
               iam Gere,* constable, charged, on the oath and complaint of
               *Abner Bacon, Jun.* with having feloniously taken and carried
               away a quantity of wool in the rolls, from his carding ma-
               chines, on the night of the 19*th July,* instant ; and on being
               asked what he pleaded, acknowledged he did, on the 19th

               (a) A sworn copy of the warrant of commitment, or an affidavit that it
          has been denied, is enough, without the original.   (1 *Ch. Cr. L.* 125.
          *Hand's Pr.* 3.)   The mere affidavit of the prisoner is not enough, on
          which to allow this writ, but the application must be supported by other
          evidence.   (1 *Ch. Cr. L.* 125, *and the cases there cited.*)   For the different
          forms of the affidavits, vid. 4 *Ch. Cr. L.* 121-2.

inst. take, steal, and carry away said wool, to the value of six or seven shillings. Therefore, we, *A. C.*, *E. T.* and *S. H. A.*, Justices, after hearing the prisoner in his defence, and due deliberation had, adjudge him, the said *Lewis Sweatman*, guilty of petit larceny. *Therefore, we adjudge and impose a fine of* 15 *dollars, and* 30 *days' imprisonment in the county gaol at Whitestown, in said county ; and, on his neglect or refusal to pay said fine,* 4 *months' imprisonment in said county gaol. His having paid said* 15 *dollars to you, the keeper of the common gaol of the county of Oncida, at Whitestown, you are hereby required to keep him, the said* L. S. *in the said gaol, in close confinement, the full end and term of* 30 *days. Paris, July* 24*th,* 1823.

*Samuel H. Addington.* (L. S.)

*Eliphaz Tyler.*          (L. S.)"

Whereupon the following writ issued :

" *The people of the state of New-York*, by the grace of God, free and independent :—To the Sheriff of the county of *Oneida*, Greeting. We command you, that you have the body of *Lewis Sweatman* detained, a prisoner, under your custody, (as it is said) under safe and secure conduct, together with the day and cause of his being taken and detained, by whatsoever name he may be called in the same, before NATHAN WILLIAMS, Esquire, a Circuit Judge, at his chambers, in the town of *Utica*, in the county of *Oneida*, immediately upon the receipt of this writ, to do and receive all and singular those things which our said Circuit Judge shall then and there consider of him in this behalf. And have you then there this writ. Witness, JOHN SAVAGE, Esquire, our Chief Justice, at the city of *New-York*, the 17*th* day of *May*, 1823.

*Breese*, Clerk.

*F. C. White*, Att'y."

Indorsed—" By the statute."

" Allowed, *August* 4*th*, 1823.

Charges of bringing the prisoner,     cents per mile.

*N. Williams*, Circuit Judge."

*Margin notes:*

UTICA, August, 1823.

MATTER OF SWEATMAN.

Whether it should not be stated, expressly, that the crime was committed within the county, in order to give the magistrates jurisdiction ? Quere. And vid. *The People* v. *Miller*, 14 *John.* 371, that this is necessary in the record of conviction.

Writ of *habeas corpus ad subjiciendum*, returnable before a circuit judge, pursuant to the 5th section of the 5th article of the constitution.

Indorsement and allowance thereon.

UTICA,
August, 1823.

IN THE MAT-
TER OF
SWEATMAN.

Return of
the sheriff by
his deputy.

The writ is
remitted to the
supreme court.

And the mat-
ter there ar-
gued.

Returned thus :

" In obedience to the within writ, I, *John E. Hinman*, Sheriff of the county of *Oneida*, return, that the within named *Lewis Sweatman* is detained in my custody, in obedience to the process hereto annexed. And I have the body of the said *Lewis*, as by the within writ I am commanded, before the Hon. NATHAN WILLIAMS, Esquire, a Circuit Judge, at his chambers in *Utica*. Dated *August 4th*, 1823.(*b*)

             For *John E. Hinman*,
                 *F. Tibbets*, Deputy."

When the prisoner was brought up, the Supreme Court were in session at *Utica ;* and Judge *Williams* submitted the matter to them, by the following note, indorsed upon the writ :

" The within writ and return, together with the prisoner, are remitted to the Supreme Court, for adjudication.

             Respectfully,
                *N. Williams*, Circuit Judge."

Whereupon, (*Aug. 4th*) *H. R. Storrs*, for the prisoner, moved for his discharge. He took exception to the judgment of the Justices, that it was *in the alternative*, viz. to be *imprisoned* 30 *days, and pay a fine of* 15 *dollars ; and, if such fine be not paid, that the same imprisonment be extended to* 4 *months.* He said the *extent of the punishment* was *uncertain*, and made to depend upon a *condition precedent*—the *payment* or *non-payment* of the 15 dollars—of which the *gaoler* is made the *judge*. It is, therefore, void.

*S. S. Beardsley*, (District Att'y) contra. It is true that all judgments and sentences must be such as are known to the law : and where a term of imprisonment makes a part of the sentence, it should be certain and definite as to time. This is the rule, especially at the common law. But the sentence complained of is under a statute, which prescribes the sentence. And it is equally a rule, that in imposing a statute punishment, the Court must conform to its provis-

(*b*) For the practical forms in *England*, vid. 4 *Ch. Cr. Law*, 123-4, *writ, return*, &c.

ions. By this statute, (2 *R. L.* 508, *s.* 4,) on a conviction by a special session, the Court may *impose a fine not exceeding twenty-five dollars*, or *imprison in the common gaol of the county, not exceeding* 6 *months*, or *both*, as the case may require.

Thus, by the statute, an *alternative judgment* may be given. As to the *fine* and the *imprisonment* for 30 days, the judgment is certain; and even if it be void for the other side of the alternative, the prisoner must be remitted for the remainder of this term. A judgment may be reversed as to part and affirmed as to part. (*Nelson* v. *Andrews*, 2 *Mass. Rep.* 164. *Glover* v. *Heath*, 3 *id.* 252. *Waite* v. *Garland*, 7 *id.* 453. *Whiting* v. *Cochran*, 9 *id.* 532. *Frederick* v. *Lookup, q. t.* 4 *Burr.* 2018-22. *Id.* 2490. *Smith et al.* v. *Jansen*, 8 *John.* 111, 116, *and the cases there cited.*) Suppose a sentence, by a special session, to four months' imprisonment, and that the party pay a fine of $100 : the latter would be void, but could not affect the sentence of imprisonment, which is separate and disconnected with it. (*Rex* v. *Collyer & Capon*, Say. 44; *mentioned, with approbation, by Spencer J. in the case of J. V. N. Yates,* 4 *John.* 344. *Id.* 353.) Thus, in *Rex* v. *Collier & Cape*, (1 *Wills.* 332) the defendants were convicted of a misdemeanour, and sentenced to a term of imprisonment, of one month, which was holden well ; but, by the same judgment, they were sentenced to ask pardon of the prosecutor, and advertise it in the *Daily Advertiser.* The latter was holden void, but the sentence of imprisonment had its effect. In that case, the prisoners were not brought up to be discharged, till the term had expired. In the present case, the application is premature, and the prisoner must be remanded, for the residue of the 30 days. But the Justices have done no more than to adjudge that the party be imprisoned, *till the fine be paid, which is not to exceed* 4 *months.* This is the fair interpretation of the sentence. Thus, they have kept within their powers, as delegated by the statute. Is there any doubt that they might have confined the convict, by sentence, till his fine be paid, indefinitely? Where a fine is imposed, the statute makes the payment a condition of the discharge from

CASES IN THE SUPREME COURT

prison. The words are : " And the said offender, hav-ing paid the fine, remained his term in imprisonment, or both, as the case may be, shall be forthwith discharged."

When a conviction is returned as the cause of commit-ment, the Court will not interfere, unless it be merely void. They will not discharge, if it be a doubtful case, but will turn the party over to his certiorari. (*Bushell's case, Vaugh.* 157-8. *Rex* v. *Chandler*, 1 *Ld. Raym.* 545-6. *Anon. Cro. Car.* 579. *Brice's case, id.* 593. *Rex* v. *Collier & Cape*, 1 *Wills.* 332.)

So far as jurisdiction is concerned, the Justices must doubt-less pursue their power strictly ; but when found to have acted within their jurisdiction, their proceedings are, in all other respects, construed liberally. (*Jones & Crawford* v. *Reed*, 1 *John. Cas.* 20.) Being after conviction, the Court is bound by the strict legal right of the case. An exercise of discretion, in discharging prisoners, is confined to the period before conviction, when they are in custody merely for safe keeping.

*Storrs*, in reply. We agree in the principle which re-quires certainty. The only difference is in its application to this case. It is denied on our part, that a judgment can be in the alternative. Such a judgment is void ; and paying the fine, or lying in prison, can have no effect upon it. A compliance does not alter its nature or make it valid. It must be considered in itself. Being void, it is as no judg-ment. I agree, that where part of a judgment is good, and there is an excess of jurisdiction as to the residue, as in *Rex* v. *Collier & Cape*, cited from *Wilson*, a part may be good. That case presents a *cumulative* punishment, not an *alterna-tive* one, like this, which is to pay a fine of 15 dollars, *or* be imprisoned four months. Which branch of the sentence will the Court affirm—the fine or the imprisonment ? But it is said the judgment is certain for thirty days at least, and putting the fine and four months out of question, the prisoner must be remanded ; and that we have brought our *habeas corpus* prematurely. But the judgment is not certain even as to the thirty days. It is for that term, or four months,

according to contingencies. Suppose the sentence had been for thirty days ; but if the prisoner had misbehaved himself during that time, then for four months. In one event, it shifts into a new judgment. So here, if the fine is not paid, the thirty days are expunged, and the sentence shifts into one of four months. The cases alluded to, of judgments affirmed as to damages, and reversed as to the costs, are different. Such a judgment is not contingent. This case is like a judgment for 30 dollars ; but if not paid in thirty days, then for 120 dollars. It is contingent both in respect to the thirty days, and the four months ; and no one can tell for which term the prisoner is holden. The Court will always discharge, or not, according to the dictates of a sound discretion, whether the judgment be void or voidable. Suppose the latter, it would be mockery to turn us round to a certiorari. The delay of such a remedy would subject us to the whole penalty, whether right or wrong.(c)

*Curia.* It is supposed that the prisoner is entitled to his discharge, because the judgment of the Justices is so entirely indefinite and uncertain, as to render the whole void. We think differently. The power of this Court of special sessions is derived from the statute ; by which it will be perceived that, on conviction, the Justices are authorized to impose a *fine* or *imprisonment*, or *both*. These are distinct punishments. They do not necessarily stand or fall together. As we read the judgment, *Sweatman* is unconditionally sentenced to imprisonment for 30 days. This branch of the sentence is certain, and being disconnected with that part which awards a fine, and the term not having expired, the prisoner must be remanded for the residue of that term at least. With regard to the other branch of the sentence there is more difficulty. But, without determining whether it be void, as uncertain or contingent, we are satisfied, on an-

UTICA,
August, 1822.

IN THE MAT-
TER OF
SWEATMAN.

Where a special session found *S* guilty of petit larceny, and sentenced him to imprisonment for 30 days, and imposed a fine of 15 dollars ; and also adjudged that unless the fine should be paid, he should be imprisoned for the term of 4 months : held, that the sentence was good for 30 days, but void for the 4 months : That a special session, under the act, (*ses.* 36, *c.* 104, *s.* 4,) cannot imprison more than 30 days, for non-payment of a fine.

(c) In *Rex* v. *Collyer* & *Capon*, (*Say.* 44,) the Court say, "It has been said that the proper way for the defendants to be relieved against any part of this judgment, is by writ of error ; but it would be very hard that the defendants should continue in prison under the illegal parts of this judgment, until they can obtain a reversal of those parts by a writ of error."

UTICA,
August, 1823.

IN THE MAT-
TER OF
SWEATMAN.

Whether
they may sen-
tence to a term
of imprison-
ment not ex-
ceeding 6
months, and
then to 30
days imprison-
ment beside,
for non-pay-
ment of a fine?
Quere.
Their pow-
er to imprison,
for not paying
a fine, depends
upon the stat-
ute, (sess. 36,
ch. 81, s. 1, 1
R. L. 348.)

other ground, that the Justices have no power, in any shape, to imprison 4 months absolutely, for non-payment of a fine imposed under this statute. The fine is limited to 25 dollars—the imprisonment to 6 months. Under the latter clause of the statute, their power was exhausted when they pronounced the sentence of imprisonment for 30 days. The term of imprisonment for non-payment of the fine is limited by another statute, not adverted to in the argument. The *act for the relief of debtors, with respect to the imprisonment of their persons,* (sess. 36, ch. 81, s. 1, 1 R. L. 348) provides, " that every person, not being a freeholder, who shall be confined in gaol upon any execution or other process, or by virtue of any judgment or order of any Court of Justice, or by warrant from any Judge or Justice, for any debt, sum of money, *fine or forfeiture, not exceeding twenty-five dollars,* exclusive of costs, and shall have remained in gaol for thirty days, if not detained for any other cause, shall be discharged from imprisonment by the keeper of the gaol, on application to him by the person so confined." The terms of this act are sufficiently broad(d) to meet the case under consideration ; and we have no doubt, that it is one of the cases intended by that act. The Justices might perhaps have ad-

---

(d) The words *judgment* or *execution,* though the words *or other process* were omitted, seem to be broad enough to reach a *conviction* and *commitment* by a special session. In *Rex* v. *Vipont and others,* (2 *Burr.* 1165,) *Ld. Mansfield* says, that every conviction ought to contain a *judgment* of the forfeiture, and at *p.* 1166, *Wilmot, J.* says that a *conviction* is equal to a verdict and *judgment ;* that there must be a *judgment* of forfeiture in a conviction ; that there must be a *judgment* to levy it ; for every *execution* is founded on a *judgment.* The same language was held by *Ld. Kenyon,* in *Rex* v. *Harris,* (7 *T. R.* 238,) and vid. *Nares on Penal Convictions,* 57 to 71. The warrant for the purpose of levying the fine, or committing the offender, is sometimes said in the books to be *in the nature of an execution,* (*id.* 64,) and sometimes is called an *execution,* (*id.* 65.) So that imprisonment upon a summary conviction, by our special sessions, seems to come not only within the spirit, but the very words of the 1st section of the act *for the relief of debtors,* &c.

In the higher courts, the analogy between a conviction and fine, and a judgment for a debt or damages in a civil action, is perfect. In *The King* v. *Wade,* (*Skin. Rep.* 12,) upon a conviction and fine of 100*l.* for barratry, it was levied by *levari facias ;* and in the same case, reported in *Sir T.*

judged that the convict be committed for 30 days absolutely, for the non-payment of the fine ; but, upon this point, it is not necessary to give an opinion. A sentence of imprisonment, for an indefinite term, if valid, is controlled by this act, and cannot be extended beyond the 30 days, if the party be not a freeholder. In this view of the case, the Justices clearly exceeded their jurisdiction, in awarding the 4 months imprisonment, unqualified by the terms of this statute. As to this the sentence is void, and inoperative even for 30 days of the additional term. The prisoner must, however, be remanded for the residue of the first term of 30 days.(c)

UTICA,<br>August, 1823.<br><br>IN THE MAT-<br>TER OF<br>SWEATMAN.

Rule accordingly.

*Jones,* 185, it appears that a capias was first issued for this fine, and afterwards a *levari facias ;* and, in 2 *Show.* 173, the same case is mentioned, by the name of *The King* v. *Webb,* as one where a *levari facias* issued even after the defendant's body was in execution. In 1819, this writ of *lev. fa.* was hunted out in the Crown office, and the form thereof is given in 1 *Ch. Rep.* 431-2. Accordingly, in the great case of *The King* v. *Woolf et al.* (1 *Ch. Rep* 401 to 443,) a similar writ was, under the advice of Mr. *Chitty,* issued against *Woolf,* for 10,000*l.* fine, for a conspiracy, and goods were taken thereon, to 8,000*l.* ; and that too, after the defendant, *W.* had been committed for a term of imprisonment, pursuant to the sentence of the Court ; and on motion to set the same aside, the *K. B.* held it regular. And some of the Judges held, with the case in *Shower,* that, had he been in prison for the fine, this would not vary the right to a *lev. fa.* and it was holden that it might issue out of the Court which imposed the fine, as well as the exchequer ; for that the imposition of the fine, constituted a debt of record due to the King, like any other judgment.

(e) It seems that, in *England,* a fine does not come within any general act for relief from imprisonment, or insolvency, (1 *Ch. Cr. L.* 811, *and the cases there cited. Rex* v. *Norris,* 4 *Burr.* 2142.)

The first act, authorising a trial for petit larceny, by a special session, composed of three Justices, was passed by the legislature of the late colony of *New-York, Sept. 1st,* 1744. (1 *Smith & Livingston,* 339. *Van Schaick,* 240.) *Petit larceny* is not mentioned in this act, but jurisdiction is given of *misdemeanors, breaches of the peace, and other criminal offences under the degree of grand larceny ;* and the Justices (one whereof to be of the *quorum*) are authorised to inflict corporal punishment, (not extending to life or, limb.) By an act of the same date, (*id.* 340, *ibid.* 241) the same jurisdiction is given to the Mayor, Deputy Mayor, Recorder and Aldermen, for the time being, or any three of them, in the city of *New-York.*—By the 3d sec-

The omis-
sion to con-        THE declaration was in *debt* on *judgment*. The pleas,
clude the rep-   *nul tiel record* and *payment*. To the plea of *nul tiel record*,
lication to a    the plaintiff replied, " *there is such a record*," &c. but
plea of *nul tiel*
*record*, with an   omitted the usual conclusion, *et hoc paratus est verificare per*
et hoc paratus,
&c. is a formal  *recordam, &c.* To the plea of payment, there was a replica-
defect, and as   tion taking issue on the payment. And there was one gene-
such, a ground
for special de-  ral conclusion at the end of both replications, as if they had
murrer; which    been one, thus : " *all of which the said Hawley prays may*
if served with-
in 20 days af-   *be inquired of by the country*," &c. These replications were
ter receipt of
the replica-     served on the agent of the defendant's attorney, *June 7th*,
tion, (or 40
days if the re-  1823 ; and the plaintiff's attorney, considering the cause
plication be     thereby at issue, indorsed thereon a notice of inquest for
served on the
agent) will      the *7th July*, 1823, which was served, with the replications,
prevent an in-   on the day for which the inquest was noticed, but not till af-
quest, or be
good cause for   ter it was taken, and the verdict recorded. A special *de-*
setting it aside,
whether taken
before or after
the service of   tion of the first mentioned act, the Justices might, in lieu of corporal pun-
the demurrer.    ishment, fine not exceeding 3*l*. After the revolution, by the act of the
24*th March*, 1787, the same powers were extended to three Justices, and to
the Mayor, Recorder and Aldermen of the city of *New-York*, or any three
of them, of whom the Mayor or Recorder was to be one. They were,
however, not to punish beyond 39 *lashes in one day*. The Mayor, &c.
might, moreover, sentence to hard labour in Bridewell, &c. not exceeding
the term of six months ; or might inflict corporal punishment or imprison-
ment at hard labour only, as they should deem expedient. The Justices
were confined to 39 *lashes per day*, and were not allowed to fine over *ten*
*pounds*, which, when imposed, was to be instead of corporal punishment.
(2 *Jones* & *Varick*, 127 to 131. 1 *Greenleaf*, 422 to 425 ) The law stood
thus, till the revision of 1801, by *Kent* & *Radcliff*, when it was modified,
and the punishment restricted to imprisonment or fine, or both, as the law
now stands in the revision of *Woodworth* & *Van Ness*.

The 1st section of the act for the relief of debtors, with respect to the
imprisonment of their persons, which relieves from imprisonment for a fine,
was first passed *Feb.* 13*th*, 1789. (2 *Jones* & *Varick*, 409. 2 *Greenleaf*, 231.)
At first it extended to all persons, whether *freeholders* or not. In other res-
pects it is still the same as when first enacted. By the act of the 24*th*
*March*, 1801, it was confined to persons not being freeholders, (1 *Kent* &
*Radcliff*, 290) and has so continued since that time.