ALBANY,
Feb. 1824.

Sargent
v.
Dennison.

## SARGENT *against* DENNISON.

THE declaration was entitled in May term, 1822. It was in case, for debauching the plaintiff's daughter, *per quod servitium amisit*, from the 18th day of August, 1822, being after the action commenced ; which was so laid through a clerical mistake of the plaintiff's attorney. And the cause was carried down for trial, tried, and a verdict found for the plaintiff, before the mistake was discovered by the plaintiff's attorney. The declaration stated, that at the time the injury was committed, the daughter was an indented servant to P. F. and was an infant under 21 years ; that she continued a servant till the 18th August, 1821, when in consequence of her pregnancy, the indentures were annulled, and she went to reside with the plaintiff, her mother, who was a widow, and while an infant still living with the plaintiff, viz. on the 24th Feb. 1822, was delivered of a male child, &c., *per quod*, &c., from the 18th August, 1822, (*as before.*)

Clerical mistake by which cause of action was laid after commencement of suit, amended after verdict; tho' it was made a ground of objection at the trial; and the point was reserved.

The cause was tried before Judge NELSON, at the last Otsego Circuit, upon its merits, but several objections were taken during the trial, to the plaintiff's right to recover ; and a motion was made for a nonsuit upon the ground (among others) that the declaration alleged the loss of service to have commenced after the commencement of the suit ; but this point, with others, was reserved by the Judge for the opinion of this Court.

*S. A. Foot,* for the plaintiff, moved to amend the declaration and *nisi prius* record, by striking out of this averment, 1822 and inserting 1821.

*Starkweather & I. Seelye,* contra, did not deny that an amendment should be granted, if clear that the party could not be injured by it ; but the Court would guard against the possibility of this. (2 Vin. 304, and the cases there cited.) Here the time is material as to the damages. Had the plaintiff been confined to an estimate of damages from 1822, it would have been a matter of mere mathematical calcula-

tion. The defendant was surprised. He comes to defend upon one state of the pleadings, and evidence is received applicable to another and different state, embracing a larger amount in damages.

At any rate the motion is premature. It is connected with one of the points reserved at the trial, which is to be brought before the Court on a case, and should be postponed till the argument is heard upon the case. If the amendment is granted, the defendant should have leave to plead and go to trial *de novo*.

*Foot*, in reply. This is a mere clerical mistake, and stands in the way of discussion upon the case, and for that very reason should be amended now. Suppose it may have misled the defendant, the Court will not allow him to lie by and trip up another, upon such a mistake. (*Henry* v. *Brown*, 19 John. 49.) It appeared upon the declaration, and he should have demurred. But is a surprise a mere matter of presumption? None is shown. The Court will, at least, require the defendant to show that he was injured. Why should he have a new trial without first showing that he was prejudiced?

*Curia.* This mistake is, clearly, the subject of amendment. The defendant shows no prejudice from it; nor do we see how he could have been prejudiced by it. Though the exception was taken at the Circuit, the Judge was right in not allowing it. We order amendments in cases like this at any stage of the cause.

Motion granted.