ALBANY,<br>Oct. 1827.<br><br>Sacket<br>v.<br>Billinghurst.

---

## SACKET *against* BILLINGHURST.

THIS cause was commenced in the Monroe C. P.; and being noticed for trial at the last June term of that court, the plaintiff proceeded on the supposition that it was returned, obtained a *procedendo,* tried the cause in the court below, and went on to execution there. The defendant knowing that the writ was not returned, filed special bail with a clerk of the supreme court, pursuant to a written notice of such intention, but a few days after the rule for a *procedendo* was entered; and having notice of all the plaintiff's proceedings, did not apprise him of the writ not being returned.

*Held,* on motion by the defendant, to set aside the plaintiff's proceedings for irregularity, that the latter might file the *habeas corpus.* with the return *nunc pro tunc* on payment of costs; and thus sustain his proceedings.

On *habeas<br>corpus cum<br>causa,* to the<br>C. P., the

ALBANY,
Oct. 1827.

Sacket
v.
Billinghurst.

a *habeas corpus* was delivered and filed with the clerk, re-turnable at the last August term of this court. Shortly after the June term, the plaintiff's attorney searched the C. P. clerk's office; and not finding the *habeas corpus*, supposed it to have been returned. Accordingly, on the 10th of August, he entered the usual rule for bail in 20 days, or that a *procedendo* issue, notice of which was served 4 days after; and on the 4th of September he entered the default of the defendant to comply with the rule, which, on the same day, he followed with a rule that a *procedendo* issue. On the 16th of September, special bail was filed with a clerk of this court; the defendant's attorney having given notice to the plaintiff's attorney on the 3d, that it would be so filed. A *procedendo* issued, of which the defendant's attorney had notice; and the cause was noticed for trial by the plain-tiff's attorney for the October term of the C. P., when an inquest was taken by default, the defendant's attorney being present. Judgment and execution and levy follow-ed. But, in truth, all this time the *habeas corpus* had not been returned; a fact known to the defendant's attorney; but not the plaintiff's till after the trial. The defendant had become embarrassed in his circumstances, so that if the judgment were now set aside, the plaintiff would be in danger of losing his demand, the fairness of which was not questioned by any affidavit of merits. But

A motion was now made to set aside the default, for not putting in bail, with all subsequent proceedings, for irregularity.

*I. Bellows*, for the motion, cited 5 John. 231; 11 John. 199; Wyche's Pr. 288, 289; Archbold's Pr. 82; 1 R. L. 323.

*M. F. Delano*, contra, moved to amend by filing the *habeas corpus nunc pro tunc*. He said the omission to return was the fault either of the defendant or the clerk. The plaintiff had no control of the writ, and could not compel a return. It was the defendant's writ. The plaintiff's attorney acted in good faith; and the court will now order

the writ to be filed *nunc pro tunc*, upon the same principle *that they would order common or special bail to be filed in that way. (1 John. Cas. 390. 2 Cowen, 31, 43. 4 Id. 61.)

*Curia.* It was the duty of the C. P. clerk to return the *habeas corpus* at the return day. At any rate, the plaintiff's attorney was not in fault for the omission. The attorneys for both parties have treated it as returned; the plaintiff's by his rules and *procedendo*; the defendant's by filing the bail piece, though too late to save his default, if the writ had been returned; yet standing by and not questioning the proceedings. Strictly, it should have been returned before the plaintiff could proceed upon it; but the defendant ought not to be allowed to turn this process to the purposes of delay and injustice. It was his writ. It was sued out at his instance, for the purpose of removing the cause; and he acted upon it as a writ returned. We think, under the circumstances of this case, we may allow the plaintiff to perfect his proceedings by filing the *hapeas corpus* and return, *nunc pro tunc*, on payment of the costs of these motions,

Amendment granted.