## Case No. 1,997.
### BROWN v. The CADMUS.
[2 Paine (1856), 564.] [2]

Circuit Court, S. D. New York.

PRACTICE IN ADMIRALTY—APPEAL—AMENDING CASE—LIBEL—PLEADING.

1. Amendments in a case rest in the sound discretion of the court where the proceedings are pending, and the order of the court in this respect cannot be called in question in the appellate court.

2. Where the master of a vessel loaned to the owner two hundred dollars, which it was agreed

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

[2] [Reported by Elijah Paine, Jr., Esq.]

the master should take out of the first earnings of the vessel, a libel filed in the district court to enforce the payment of the two hundred dollars, was dismissed for the want of an allegation that the two hundred dollars had not been paid out of the earnings of the vessel. *Held*, on appeal, that such allegation was unnecessary, it being substantially contained in the general allegation that the whole of the two hundred dollars was still due and unpaid.

[Appeal from the district court of the United States for the southern district of New York.

[In admiralty. Libel by William Brown against the brig Cadmus (Calvin Blanchard, claimant) for money loaned. There was a decree for respondent in the district court (case not reported), and on libellant's appeal it was reversed.]

THOMPSON, Circuit Justice. The respondent, Calvin Blanchard, being the owner of the brig Cadmus, entered into an agreement on the 25th of June, 1833, with William Brown, the appellant, by which it was stipulated that Brown was to take the command of the brig, and sail her, upon certain terms therein specified, for an unlimited length of time; and the agreement concludes with the following stipulation: "The said Brown agrees to loan, on the signing of these articles, to said Blanchard, two hundred dollars, for which said Blanchard agrees to give him the provisions that are now on board thereof, which money is to be taken out of the first earnings of said vessel, and which amount the said vessel stands accountable for to said Brown, until paid." The libel was filed in the district court to enforce payment of the two hundred dollars; and after a full hearing upon the merits, and a decree pronounced upon the coming in of the report of the clerk, by which report the clerk states, that from the testimony it does not appear that any part of the $200 has been paid, the libel was dismissed for want of an allegation that the two hundred dollars had not been paid out of the earnings of the brig. The court, however, offered to allow the libellant to amend his libel upon certain terms, which he declined accepting, and the cause comes here on appeal from the decree dismissing the libel; and the question now to be decided is, whether the defect in the libel, as alleged, is such as to sustain the decree of the court below. The libel, after setting out substantially the agreement between the parties, contains this general allegation, that the whole of the said sum of $200 is still due and unpaid.

The answer and claim of the respondent sets up certain advances of money made by him to the libellant, and certain earnings of the brig, and sundry articles of property which had come into the possession of the libellant, and applied by him to his own use; all which, the answer alleges, ought to have been applied in payment of the $200, and was more than sufficient to pay off and discharge the same. The libellant having filed a replication, the cause was referred to the clerk

to compute the amount due to the libellant, upon which order the clerk reports, that he had taken the proofs offered by both parties in relation to the matters referred to him, and that from the testimony it does not appear that any part of the $200 claimed by the libellant has been paid to him, and that the whole sum was still due to him. To this report of the clerk exceptions were taken, and after argument by counsel were overruled by the court, and the report confirmed, expressly on the ground that no part of the $200 had been paid by the earnings of the vessel. The decree states, that it not being made to appear on the proofs that any earnings of the said vessel, belonging to the respondent and applicable to the payment of the $200, came to the hands of the libellant, the report of the clerk is in all things confirmed.

From this decree no appeal was taken on the part of the respondent, and the exceptions taken to the report of the clerk, and overruled by the court, are not open to argument on the present appeal. In order to let in an examination of those exceptions a cross appeal was necessary, and the case is reduced down to the single point, whether the libel was properly dismissed for want of an allegation that there had been no earnings of the vessel which ought to have been applied towards payment of the $200.

Whether the terms upon which the court offered to allow an amendment of the libel, were severe and exceptionable or not, is a matter which cannot be noticed on this appeal. Amendments in a case rest in the sound discretion of the court where the proceedings are pending (Smith v. Jackson [Case No. 13,065]), and the order of the court in this respect cannot be called in question in the appellate court.[2] But I think

the decree of the district court dismissing the libel for want of the allegation suggested, cannot be sustained. A direct and explicit denial of any earnings of the vessel applicable to the payment of the $200, would have been more accurate pleading;

there. The defendant knowing that the writ was not returned, filed special bail with a clerk of the supreme court, pursuant to a written notice of such intention, but a few days after the rule for a procedendo was entered, and having notice of all the plaintiff's proceedings, did not apprize him of the writ not being returned. Held, on motion by the defendant to set aside the plaintiff's proceedings for irregularity, that the latter might file the habeas corpus nunc pro tunc, on payment of costs, and thus sustain his proceedings. Sacket v. Billinghurst, 7 Cow. 520. On a motion to amend, the court inquire no further into the merits of the amendment than to see it is not frivolous. Turner v. Dexter, 4 Cow. 555. Clerical mistakes, by which cause of action was laid after commencement of suit, amended after verdict, though it was made on ground of objection at the trial; and the point was reserved. Sargent v. Dennison, 2 Cow. 515. Amendment in the nisi prius record after nonsuit at the circuit for the defendants not appearing. Jackson v. Young, 1 Cow. 131. The court, where error is brought, may make such amendment as may be made by the court below. Id.; Cheetham v. Tillotson, 4 Johns. 499. After an assignment of errors it is too late to move that the return to a writ of error be amended. Dumond v. Carpenter, 3 Johns. 141. After argument of a cause, and judgment therein, and the term ended, it is too late to move to amend. Killpatrick v. Rose, 9 Johns. 78; Currie v. Henry, 3 Johns. 140. In error from a court of C. P., the S. C. allowed the defendant in error to amend his declaration, on paying his costs in the court below, subsequent to the declaration, by averring that the plaintiffs in error were partners, &c. Pease v. Morgan, 7 Johns. 468. The court will allow a suggestion of the death of one of the defendants, pending the original action, to be entered after a writ of error has been brought. Hamilton v. Holcomb, 1 Johns. Cas. 29; Id., Col. & C. 67; Dumond v. Carpenter, 2 Johns. 184. The court in which any action shall be pending, shall have power to amend any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, on such terms as shall be just at any time before judgment rendered therein. 2 Rev. St. 424, § 1; Brace v. Benson, 10 Wend. 214. The seventh section provides that after verdict, judgment shall not be stayed for a variety of defects in process, pleadings and proceedings; among them is a mistake in the name of any party. Id. It is a general rule that any matter which is cured by verdict, is amendable before verdict. Id. Where judgment is given against the plaintiff on demurrer after verdict in his favor, leave to amend will be given on his relinquishing the verdict and paying all costs subsequent to the joining of the issue; but where the judgment is against the defendant on demurrer after verdict for plaintiff, leave to amend is not granted. Fidler v. Cooper, 19 Wend. 285. The court may allow amendments in penal as well as in ordinary actions. Low v. Little, 17 Johns. 346. But where in a qui tam action, under the statute against usury, the writ, which had been sued out in due time, and sent by mail to the sheriff, was lost or miscarried, and the plaintiff supposing that it had been duly served and returned, proceeded to file his declaration, &c., the court refused to allow an alias capias to issue, as grounded on a return of non est inventus to the former writ, or to allow a capias to be issued and filed, with a return therein of non est inventus nunc pro tunc so as to save the limitation. Id.

[2] Amendments will not be allowed to enable a plaintiff to evade the statute of limitations, or the defendant to set up this statute or usury as a defence, or any unconscionable defence. Willink v. Renwick, 22 Wend. 609; Beach v. Fulton Bank, 3 Wend. 573; Jackson v. Murray, 1 Cow. 156; Utica Ins. Co. v. Scott, 6 Cow. 606. Where the statute of limitations is pleaded defectively, leave would probably be given to amend according to the principle of the case of Utica Ins. Co. v. Scott, Id.; Beach v. Fulton Bank, 3 Wend. 573. Under the rule allowing an amendment as of course, the plaintiff cannot add words, giving a new and distinct cause of action from that originally set forth. Wiley v. Moore, 2 Wend. 259. An amendment granted in a court of error, after assignment of errors, by entering a nolle prosequi on the record returned, as to the money counts, the damages having been assessed below by the clerk on these counts, with one upon a promissory note in the same declaration. Coster v. Phoenix, 7 Cow. 524. And this, though the defendant below had been committed on a ca. sa.; and a suit brought for the escape against him and his bail for the jail liberties. Id. But the amendment was granted on paying the costs of the motion to amend, and of the writ of error. Id. On habeas corpus cum causa to the C. P. the plaintiff proceeded on the supposition that it was returned, obtained a procedendo, tried the cause in the court below, and went on to execution

but this is substantially contained in the general allegation that the whole of the said sum of $200, is still due and unpaid. The same strictness is not required here as in common law proceedings, and it is by no means clear that this general averment would not have been sufficient in a declaration at common law, on a writ of error, or motion in arrest of judgment; admitting that by the agreement for the loan, the libellant was bound to apply the earnings of the vessel, which would be due the respondent, towards payment of the loan, if any were received. The respondent, by his answer and claim, has treated the libel as opening this inquiry. The whole answer goes upon the ground of payment of the loan by the earnings of the vessel and other means, and whether payment had been made or not was the issue between the parties; and the whole proofs in the cause are directed to that inquiry. The respondent, therefore, has not been precluded from any matter of defence on this point, but has had all the benefit, in the admission of his proofs, that a more explicit allegation would have afforded him. The decree of the district court must, accordingly, be reversed, and a decree entered, that the vessel be condemned and sold for the payment of the $200 with interest.[3]

---

BROWN (CAHILL v.). See Case No. 2,291.

---

[3] As to lien of mariners on vessel, see the following cases: The Grand Turk [Case No. 5,683]; The Mary [Id. 9,186].