DAVID B. CHEESEMAN, *Plaintiff in Error, vs.* THE PEOPLE, *Defendants in Error.*

C was convicted, before a Justice of the Peace, of assault and battery, and sentenced to pay a fine of five dollars and costs within five days, and in default thereof to be imprisoned ten days in the common jail. *Held,* That the judgment should be reversed, the sentence being uncertain and conditional.

*Van Buren Circuit, September,* 1871.

*Certiorari* to Justice's Court.

The plaintiff in error was tried by a jury and convicted before a Justice of the Peace, of assault and battery, and judgment was rendered against him that he pay a fine of five dollars and costs of suit, taxed at $24 83, and in default in the payment of said fine and costs within five days, that he be confined in the county jail for the term of ten days

GIDDINGS vs. WHITTLESEY AND CHITTENDEN.

*By the Court*, BROWN, J.—Of the several grounds of error alleged in this case, I deem it necessary to consider none but the first, as that is decisive. One of the elements of a sentence is that it be final and conclusive. The judgment pronounced by the Court is the sentence or conclusion of the law following upon ascertained premises, and must therefore be unconditional. In this case the sentence is uncertain, and the respondent's imprisonment is to depend upon a condition precedent—the payment or non-payment of the fine and costs within a certain number of days. To determine whether the fine and costs were paid within the time limited, would require another adjudication; a second judgment.

A sentence must be something more than a *judgment nisi*.

Had the judgment of the Justice been that the respondent pay a fine of five dollars with costs taxed at $24 83, and that he be committed to the county jail until the same should be paid, not exceeding ten days, I have no doubt but that such a judgment would be valid—at least it would not be invalid on the score of uncertainty. The sentence would be certain and definite; the imprisonment in such a case is designed to secure the payment of the fine and costs and not to be in lieu thereof. See *State vs. Bennett*, 4 *Dev. & Batt.*, 43; *Matter of Sweetman*, 1 *Cow.*, 144.

The judgment of the Court below must be reversed.